STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                        CIVIL ACTION
                                            DOCKET NO. CV-15-245


THE MAINE REAL ESTATE NETWORK, et al.,

                    Petitioners

v.                                    **STATE OF MAINE**          ORDER
                                      Cumberland ss Clerk's Office

                                            OCT 28 2015
E TO P LLC, et al.,
                                      RECEIVED
                    Respondents


        Before the court is a motion by petitioners The Maine Real Estate Network and Loni

Graiver (collectively, TMREN) to vacate a May 20. 2015 arbitration award issued by a Hearing

Panel of the Greater Portland Board of Realtors in favor of respondent E to P LLC d/b/a Keller

Williams Realty (Keller Williams). The arbitration award directed TMREN to pay Keller

Williams $ 4750. Respondents have cross-moved for confirmation of the arbitration award.

        TMREN argues that the arbitration award must be vacated because the arbitrators did not

make any findings of fact or conclusions of law to support the award and declined to release the

tape of the arbitration proceeding when TMREN made a request to the arbitrators for findings of

fact and conclusions of law. *See* Exhibits 6 and 7 to the Certificate of petitioners' counsel

accompanying petitioners' motion to vacate.

        The short answer to TMREN's argument is that arbitrators are not required to make

findings of fact and conclusions of law and this court, under the Uniform Arbitration Act, is not

entitled to review an arbitration decision to determine if it is supported by adequate findings and

conclusions or by substantial evidence. *See* 14 M.R.S. § 5938(1); *Stanley v. Liberty*, 2015 ME 21

¶ 24, 111 A.3d 663. In fact, attachments to respondents' papers indicate that under the Greater

Portland Board of Realtors Code of Ethics and Arbitration Manual, arbitrators shall not make any factual findings to accompany awards except in cases where ethical violations are alleged.

TMREN contends that the arbitrators' failure to make findings and failure to provide the tape of the hearing brings this case within the scope of permissible review under 14 M.R.S. § 5938(1)(D):

> [T]he court shall vacate an award where
> D. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 5931, as to prejudice substantially the rights of a party.

However, TMREN is not alleging that the arbitrators refused to postpone the hearing or that they refused to hear evidence material to the controversy. Nor is TMREN arguing that the arbitrators conducted the hearing contrary to the provisions of section 5931.[1] Nothing in section 5931 dictates that arbitrators must issue findings of fact and conclusions of law.

TMREN's arguments, therefore, constitute an attempt to bootstrap a requirement that arbitrators make findings of fact and conclusions of law when they render their decision into the requirement that arbitrators may not conduct the hearing in a manner that substantially prejudices the rights of a party. Because TMREN is not challenging the manner in which the hearing was conducted, its reliance on § 5938(1)(D) is unavailing.

The court understands TMREN's unhappiness with the refusal by the arbitrators to release the tape of the proceedings, which detracts from the transparency of the proceedings. However, where TMREN is not challenging an alleged denial of due process in the way the hearing was conducted, the court cannot vacate the decision based on the failure to release the

---

[1] 14 M.R.S. § 5931 requires (1) that arbitrators give notice of the hearing, (2) provides that the parties are entitled to be heard, to present evidence, and to cross-examine witnesses, and (3) specifies that arbitration decisions shall be rendered by a majority.

2

tape. *Leete & Lemieux P.A. v. Horowitz,* 2012 ME 71 ¶13, demonstrates that a record of the proceedings – if one was created – would allow review pursuant to § 5938(1)(D) of "<u>any</u> <u>evidentiary issues or procedural problems that arose during the arbitration hearing</u>." In this case, however, TMREN is not basing its claim on alleged evidentiary issues or procedural problems that arose during the arbitration hearing. Accordingly, its motion to vacate must be denied, and respondents' motion to confirm the award must be granted.

The arbitration request made by TMREN (Exhibit 1 to the Certificate of petitioners' counsel accompanying petitioners' motion to vacate, ¶ 5) stated that in the event that TMREN did not comply with the arbitration award and "it is necessary for any party . . . to obtain judicial confirmation and enforcement" of the award, TMREN agreed to pay the reasonable costs and attorneys fees incurred in obtaining such confirmation and enforcement. Respondents have requested an award of costs and attorneys fees pursuant to that provision.

Accordingly, respondents shall be permitted to file a motion for the award of costs and attorneys fees within the deadline specified by M.R.Civ.P. 54. That request shall include appropriate justification for the hourly rate requested and the number of hours expended. TMREN shall have 21 days in which to oppose any such motion.

The entry shall be:

Petitioners' motion to vacate the arbitration award is denied. Respondents' motion to confirm the arbitration award is granted. Procedural order entered with respect to application for attorneys fees. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 28, 2015

_____
Thomas D. Warren
Justice, Superior Court

**STATE OF MAINE**
Cumberland ss Clerk's Office

OCT 28 2015

RECEIVED


3

THOMAS S. COWARD, ESQ.
17 WOODBURY STREET
SOUTH PORTLAND, ME. 04106
For the Defendants

---

FRANK K. N. CHOWDRY, ESQ
CHOWDRY, PHALON LLC.
2 MONUMENT SQUARE, SUITE 704
PORTLAND, ME. 04101
For the Plaintiffs